The opinion of the court was delivered by
Valentine, J.:
John Rubideaux, a Miami Indian chief, bought a piece of land in Miami county of Jack Vallie, and in consideration thereof gave to Vallie an instrument in writing, substantially a promissory note. After maturity of the note Vallie sued Rubideaux thereon, in the district court of said county. Rubideaux answered, and in his answer he sets up substantially the following facts as a defense to the plaintiff’s petition, to-wit: “The defendant is a member of the Miami tribe of Indians by birth and blood. Said Miami *31 tribe of Indians still maintain tribal relations with the government of the United States. At the time of the execution and delivery of said note, and for a long time prior' thereto, and at the commencement of this action, and now, the Miami Indians did and do maintain their tribal organization and relations with the government. Said Miami Indians are a united tribe, and are dependent on the government for .protection and vindication of their fights. In the year 1854 they made and concluded a treaty, in their tribal capacity, with the government. The- defendant, under the second article of said treaty, was assigned land in severalty; was entitled to and received annuities;, was elected to arid discharged the duties of one of the chiefs of said tribe, and was and is in all respects a member of said tribe, The said Miami tribe of Indians never abandoned their tribal organization, but still adhere to and maintain the same; they have elective chiefs, and an elective ■ council, meeting at stated periods, keeping a record of their proceedings, with powers regulated by custom, by which they punish offenses, adjust differences, and exercise a general oversight over the affairs of their nation. They are under the charge of an Indian agent, appointed by the government of the United States, and such agent has a general supervision of their conduct. The father and mother of -the defendant were members of the said tribe of Miami Indians, and that since his birth he has always lived with and among said tribe, has been enrolled as a member of said tribe, received,, occupied and enjoyed land under and by virtue of treaties made and concluded by and between the government and said, tribe. He has never withdrawn from said tribe, or abandoned it, or in any manner or for any purpose dissolved his connection' with said tribe. He is under the protection of the laws of the United States, and of the rules, regulations, customs, habits and laws of the said Miami tribe of Iridians. He is not subject to the jurisdiction, orders, judgments or decrees of this court, and this court has no jurisdiction over his person or property.” '
The district court of Miami county has undoubtedly, as *32 we think, jurisdiction to hear and determine all questions involved in this controversy, notwithstanding that the defendant below (plaintiff in error) is a chief of the Miami tribe of Indians. We know of no law of the United States or of this state that authorizes an Indian to purchase land in Kansas, and then to refuse to pay for the same. Neither do we know of any law that prohibits the state of Kansas from taking jurisdiction of the persons and property of the Indians found within the territorial boundaries of the state, except while such Indians or property are actually situated on a reserve excluded from the jurisdiction of Kansas; and there are no such laws. Every man, resident or non-resident, citizen, alien, or foreigner, if he comes within the jurisdiction of Kansas is subjected to her laws, and if he contracts debts is required to pay them.
The judgment of the court below is affirmed.
All the Justices concurring.